**Adel Kassam JAMAL, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 03–60013.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 2003.

Husein A. Abdelhadi, Dallas, TX, for Petitioner.

John Ashcroft, James Arthur Hunolt, Thomas Ward Hussey, Director, Emily Anne Radford, Assistant Director, US Department of Justice, Washington, DC, Kenneth L. Pasquarell, Acting District Director, US Immigration & Naturalization Service, San Antonio, TX, Caryl G. Thompson, US Immigration & Naturalization Service, New Orleans, LA, for Respondent.

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM.*

Adel Kassam Jamal petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration judge's (IJ) denial of relief. The IJ denied Jamal's requests for asylum, withholding of removal, relief under the Convention Against Torture (CAT), and voluntary departure.

As a preliminary matter, we DENY the respondent's motion to dismiss for lack of jurisdiction. As the respondent concedes, Jamal's petition for review, which was originally filed in the wrong court, was timely. *See* 28 U.S.C. § 1631. Accordingly, we have jurisdiction.

Jamal has waived any challenge to the IJ's determination that his asylum application was untimely by failing to brief the issue. *See Rodriguez v. INS,* 9 F.3d 408, 414 n. 15 (5th Cir.1993). He has also waived any challenge to the IJ's denial of relief under the CAT, as well as to the IJ's denial of voluntary departure, by failing to address these claims in his brief. *See id.*

The IJ's denial of withholding of removal was based largely on a determination that Jamal's testimony was not credible. Given the many inconsistencies in Jamal's testimony noted by the IJ, we conclude that the IJ's credibility finding is a reasonable interpretation of the record. *See Chun v. INS,* 40 F.3d 76, 79 (5th Cir.1994). As Jamal has failed to point to any evidence, other than his testimony, which would support his claim, we conclude that the IJ's determination that Jamal has not established an entitlement to withholding of removal was based on substantial evidence. *See id.*

PETITION FOR REVIEW DENIED; MOTION TO DISMISS DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.